**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| MARIO BONILLA, | ) | NO. CV 06-94-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | **AND ORDER OF REMAND** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on January 6, 2006, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on

February 2, 2006.  Plaintiff filed a motion for summary judgment on July 18, 2006.  Defendant filed a cross-motion for summary judgment on August 16, 2006.[1]  The Court has taken both motions under submission without oral argument.  See L.R. 7-15; "Order," filed January 9, 2006.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability based on alleged physical and mental impairments (Administrative Record ("A.R.") 406-420, 659-61).  An Administrative Law Judge ("ALJ") found severe physical and mental impairments, but denied benefits (A.R. 12-17).  On review, this Court remanded the matter because of an error of law in the ALJ's evaluation of Plaintiff's credibility (A.R. 439-45).

Following remand, a different ALJ adopted a consultative examiner's opinion, finding that Plaintiff has no mental impairment other than non-severe anxiety (A.R. 383-A, 384, 841-43).  This consultative opinion conflicted with the opinions of Plaintiff's treating physicians (A.R. 348-73, 579, 584-90, 608-11).  The ALJ failed to discuss the opinions of some of Plaintiff's treating physicians, and apparently did not attempt to recontact any of these physicians (A.R. 382-86).

///

///

---

[1] Plaintiff's motion violated ¶ VI of the "Order," filed January 9, 2006.  In the future, counsel shall heed the Court's orders.

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

Social Security Ruling ("SSR") 85-28[2] governs the evaluation of whether an alleged impairment is "severe":

> An impairment or combination of impairments is found 'not severe' . . . when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities . . .
>
> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or

---

[2] Social Security rulings are binding on the Administration. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

1      combination of impairments on the individual's ability
2      to do basic work activities, the sequential evaluation
3      process should not end with the not severe evaluation
4      step.

6      If such a finding [of non-severity] is not clearly
7      established by medical evidence, however, adjudication
8      must continue through the sequential evaluation
9      process.  SSR 85-28 at 22-23.

See also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (the severity concept is "a de minimis screening device to dispose of groundless claims").

In the present case, the medical evidence does not "clearly establish [ ]" the non-severity of Plaintiff's alleged mental impairments.  A treating record from 2001-2002 rates Plaintiff's global assessment of function ("GAF") at 45 (A.R. 579).  A GAF of 45 "is indicative of a disabling level of impairment." Castaneda v. Apfel, 2001 WL 210175 *3 (D. Or. Jan. 18, 2001).  Dr. Usigli, a treating psychiatrist, diagnosed psychotic disorder, depressive disorder and dysthemic disorder in 2005 (A.R. 611).  Dr. Halote, a treating psychologist, diagnosed post-traumatic stress disorder and found Plaintiff temporarily totally disabled at different times in 2001 (A.R. 348-73).  Dr. Amanat, a treating psychiatrist, opined in 2004 that Plaintiff "has been totally mentally disabled and his current GAF is 30" (A.R. 584).  Notwithstanding one consultative examiner's conflicting opinion, the medical evidence plainly does not

"clearly establish [ ]" the non-severity of Plaintiff's mental problems.

The respect ordinarily owed to treating physicians' opinions buttresses this conclusion. Treating physicians' opinions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted). Even where the treating physician's opinions are contradicted,[3] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting the treating physician's opinions do not suffice).

///
///
///

---

[3] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1        Section 404.1512(e) of 20 C.F.R. provides that the
2   Administration "will seek additional evidence or clarification from
3   your medical source when the report from your medical source contains
4   a conflict or ambiguity that must be resolved, the report does not
5   contain all of the necessary information, or does not appear to be
6   based on medically acceptable clinical and laboratory diagnostic
7   techniques."  See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir.
8   1996) ("If the ALJ thought he needed to know the basis of Dr.
9   Hoeflich's opinions in order to evaluate them, he had a duty to
10  conduct an appropriate inquiry, for example, by subpoenaing the
11  physicians or submitting further questions to them.  He could also
12  have continued the hearing to augment the record") (citations
13  omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir.
14  1983) ("the ALJ has a special duty to fully and fairly develop the
15  record and to assure that the claimant's interests are considered").

17       In the present case, the ALJ erred by rejecting the treating
18  physicians' opinions without stating specific, legitimate reasons for
19  doing so, and without attempting to recontact the physicians.  The
20  ALJ erred by failing even to discuss the GAF 45 rating, Dr. Usigli's
21  opinions or Dr. Halote's opinions (A.R. 382-86).  See Salvador v.
22  Sullivan, 917 F.2d 13, 15 (9th Cir. 1990) (implicit rejection of
23  treating physician's opinion cannot satisfy Administration's

6

obligation to set forth "specific, legitimate reasons").[4]  The ALJ did state reasons for rejecting Dr. Amanat's opinions but, absent further inquiry, at least one of those stated reasons is legally insufficient.  The ALJ stated that Dr. Amanat "seems to uncritically endorse the claimant's subjective complaints" (A.R. 384).  An ALJ may reject a treating physician's opinion that is predicated on the properly discounted subjective complaints of the claimant.  See Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989).  On the present ambiguous and conflicting record, however, the ALJ should have attempted to clarify the basis of Dr. Amanat's opinion rather than presume that the basis consisted solely of Plaintiff's subjective complaints.  See 20 C.F.R. § 404.1512(e)(1); Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996).

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."  INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).  The Court recognizes that the

---

[4] The ALJ mentioned diagnoses of "psychotic disorder," "depression with psychotic features," "mood disorder," and "post-traumatic stress disorder," but did not state any specific, legitimate reasons for the implicit rejection of these diagnoses (A.R. 382-86).  The ALJ did purport to incorporate by reference the discussion of Dr. Halote's opinion contained in the previous ALJ's decision (A.R. 383).  The previous ALJ's decision found a severe post-traumatic stress disorder, however, a diagnosis Dr. Halote made and the present ALJ implicitly rejected (A.R. 12-17, 350, 372, 382-86).

7

Administration has committed errors *seriatim*, thereby protracting these proceedings. The errors have been errors of law, however, and Plaintiff's alleged inability to work remains an open issue of fact.

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in INS v. Ventura, 537 U.S. 12, 16 (2002),[5] the Harman holding does not direct reversal of the present case. Here, the Administration must recontact treating physician(s) concerning "outstanding issues that must be resolved before a determination of disability can be made." Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinion(s) of the treating physician(s) credited.

**CONCLUSION**

---

[5] The Ninth Circuit has continued to apply Harman despite INS v. Ventura. See Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

For all of the foregoing reasons,[6] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  August 24, 2006.

```
              _____/S/_____
                        CHARLES F. EICK
                  UNITED STATES MAGISTRATE JUDGE
```

---

[6] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that Plaintiff's arguments in favor of reversal rather than remand are unpersuasive.